### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEE EATON, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-CV-465-JHP-FHM |
| ) | |
| UNION PACIFIC RAILROAD ) | |
| COMPANY, a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Now before the Court is the defendant's Motion to Dismiss (Dkt.# 11). Defendant filed the instant Motion to Dismiss on January 30, 2007. Pursuant to Local Rule 7.2(e), Plaintiff had eighteen (18) days to respond. Plaintiff has failed to file a response to Plaintiff's Motion to Dismiss and it remains unopposed. Additionally, a Rule 41(b) notice was filed April 3, 2007, which also remains unopposed. *See*, Perisk v. Manpower, Inc., 2003 WL 23098617 (10th Cir. 2003)(holding that failure to file a timely response to a motion to dismiss results in waiver of the right to respond, and the motion may be granted if the facts pled do not state a claim upon which relief can be granted.)*; Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190 (10th Cir. 2002)(same in summary judgment context); Fields v. Corrections Corp. Of America, 2006 WL 991100 at *1 (10th Cir. April 17, 2006)(same).

Plaintiff seeks to overturn an award of a decision of the NRAB on the basis of alleged fraud, perjury and misrepresentation. Union Pacific acknowledges that Plaintiff is a former employee and that his employment has been terminated. However, Plaintiff's employment was governed by a collective bargaining agreement subject to the dispute resolution mechanisms established under the Railway Labor Act, 45 U.S.C. §151, et seq. ("RLA"). Plaintiff's employment was terminated in

accordance with the terms of his collective bargaining agreement and the termination was upheld in an arbitration proceeding before the National Railroad Adjustment Board. ("NRAB").  The Complaint fails to provide sufficient facts to establish the Court's subject matter jurisdiction to review the NRBA's arbitration award.  An adverse decision by the NRAB may be appealed to federal district court on only three grounds:

   a.   failure of the NRAB to comply with the requirements of the RLA;

   b.   failure of the NRAB to conform, or confine itself, to matters within the scope of its jurisdiction; and

   c.   fraud or corruption

*Union Pac. R.R. Co. v. Sheehan*, 439 U.S. 89, 93 (1978).

In order to survive a motion to dismiss for failure to state a claim upon which relief can be granted, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact. Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955, 1964-65 (2007).  Plaintiff's Complaint fails to allege facts sufficient to establish any of the grounds for an appeal under 45 U.S.C. Section 153(q).  To allege fraud or corruption, the operative acts must be alleged to have been performed by a member of the NRAB, not by a party to the proceeding.  Since Plaintiff's Complaint alleges actions attributable to Union Pacific, it fails to state a claim under the statute.

Likewise, Plaintiff's conclusory allegations of defamation, slander, and libel all obtained through conspiracy to defraud, defame, and harm Plaintiff also fail as a matter of law. In the context of a claim for defamation, Fed.R.Civ.P. Rule 8(a) requires the Complaint to provide the defendant sufficient notice of the communications complained of to enable it to defend itself.  *McGeorge v.*

*Continental Airlines, Inc.*, 871 F.2d 952, 955-956 (10th Cir. 1989). A defamation complaint must also plead special damages resulting from the alleged defamation with particularity. *See Fed.R.Civ.P. 9(g).* The Court finds Plaintiff's claims for defamation, slander, and libel do not provide sufficient notice of the communications complained of to allow Union Pacific to defend itself. There is no identification of the statements made, who made them, or when they were made.

Accordingly, Defendant's Motion to Dismiss is hereby granted.

**IT IS SO ORDERED 20th day of June, 2007.**

James H. Payne
United States District Judge
Northern District of Oklahoma